## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| BEVERLY HILL DUNLAP and LARRY J. NOEL, JR., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12-CV-487 CAS |
| ALLSTATE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on plaintiffs Beverly Hill Dunlap and Larry J. Noel, Jr.'s Motion to Remand Case to State Court by Consent.  For the following reasons, the motion will be granted.

**Background**

Plaintiffs filed their Petition in the Circuit Court for the County of St. Louis, State of Missouri, alleging two counts: breach of an insurance policy contract and a statutory vexatious refusal to pay insurance claim.  Defendant Allstate Insurance Company removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting jurisdiction on the basis of diversity of citizenship.

Plaintiffs moves for remand with defendant's consent, asserting that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.  In support of their motion, plaintiffs submit a stipulation that "in no event and under no circumstances" will they seek a judgment in excess of $75,000, including their claims for breach of contract, vexatious refusal, attorney's fees and interest.

## Discussion

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction.  28 U.S.C. § 1441(b).  In the event the federal court determines that it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about the propriety of removal must be resolved in favor of remand.  Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction.  In re Business Men's Assurance Co., 992 F.2d at 183.  The Court must look to the plaintiffs' pleadings at the time of removal in determining whether removal was proper. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939).  The basis for federal jurisdiction must be apparent from the face of the plaintiffs' properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  The Court notes that under Eighth Circuit precedent, Missouri state court petitions such as plaintiffs', which seeks an unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal. See Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011) (citing In re Willis, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)).

2

Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship must exist between the plaintiffs and the defendant, and the amount in controversy must exceed $75,000 exclusive of interest and costs.  In Count I of the Petition, plaintiffs allege the breach of an insurance contract and seek unspecified damages in an amount in excess of $25,000.  Petition at 3.  In Count II, plaintiffs allege vexatious refusal to pay an insurance claim, and seek damages that are "fair and reasonable" including statutory penalties, attorney's fees, interest and costs.  Petition at 4.

The Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount.  After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93.  The rule from St. Paul Mercury has "consistently been applied to cases in which the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached."  Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999).

Plaintiffs' Petition in this case, in contrast, does not expressly state a claim in excess of the jurisdictional amount.  Furthermore, plaintiffs now stipulate that they will not claim an amount of damages greater than $75,000 under any circumstances.[1]  Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading.  See Berry v.

_____

[1]The Court believes this type of stipulation is binding upon plaintiffs, and may be enforced through appropriate sanctions if necessary.  See Fliter v. Werner Enters., 2005 WL 5834638, at *1 (E.D. Mo. Dec. 14, 2005).

3

Renaissance Hotel Mgmt., LLC, 2011 WL 1379860, at *2 (E.D. Mo. Apr. 12, 2011); Salinas v. USAA Casualty Ins. Co., No. 4:10-CV-1103 DJS (E.D. Mo. July 27, 2010); Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943, 949 (D. Minn. 1999); Halsne, 40 F.Supp.2d at 1092.

Missouri Rules of Civil Procedure 55.05 and 55.19 prohibit the pleading of a specific amount in controversy.  In the instant case, plaintiffs' Petition asserts claims against the defendant for breach of insurance contract and vexatious refusal to pay an insurance claim.  The Petition prays for unspecified damages in excess of $25,000, and "fair and reasonable" damages.  Under these circumstances, the Court finds that plaintiffs' stipulation does not seek to amend their Petition, but rather clarify its demands.  As such, plaintiffs' post-removal stipulation as to the amount in controversy can be considered to decide whether jurisdiction has attached.

As the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been satisfied.  Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).  Here, defendant consents to plaintiffs' motion, and therefore did not attempt to meet its burden.  The Court finds that the amount in controversy does not exceed $75,000, and thus, jurisdiction was lacking at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is **GRANTED**.  [Doc. 11]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the County of St. Louis, State of Missouri, from which it was removed.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of April, 2011.

4